IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:98CR3059 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT E. JACOBSEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon Defendant's notice of appeal (filing 160), which seeks to appeal this court's denial of Defendant's Fed. R. Civ. P. 60(b) motion for reconsideration (filing 158). Defendant's initial motion pursuant to 28 U.S.C. § 2255 was denied on June 11, 2002. (Filing 140.) Both this court and the Court of Appeals for the Eighth Circuit denied applications for a certificate of appealability. (Filings 144, 151.) An October, 2004 application by Defendant for permission to file a successive petition was denied by the Court of Appeals. (Filing 155.) After this denial, Defendant filed a "Motion Pursuant to Fed. R. Civil P. Rule 60(b)(6)." (Filing 157.) The motion asserted that under principles stated in United States v. Booker, 125 S. Ct. 738 (2005) and Blakely v. Washington, 124 S. Ct. 2531 (2004), Defendant's conviction was unlawful because it was based on a drug quantity determined by a judge and not a jury. I summarily denied the motion for reconsideration. (Filing 158.) Now, Defendant seeks to appeal my denial of his motion for reconsideration.

A party who was permitted to proceed in forma pauperis in the district court may not proceed on appeal in forma pauperis if the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding . . . ." F. R. App. P. 24(a)(3)(A). For the reasons stated herein, I certify that

the appeal is not taken in good faith and find that Defendant may not proceed in forma pauperis on appeal.

In Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000), the Seventh Circuit held that "good faith' for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Defendant's motion for reconsideration seeks collateral review of a conviction based on the holdings of Booker and Blakely, and those holdings do not apply retroactively to cases on collateral review where the conviction was final prior to the decisions in Booker and Blakely. See, e.g., Guzman v. United States, 404 F.3d 139, 143-44 (2nd Cir. 2005) (Booker); In re Olopade, 403 F.3d 159, 160 (3d Cir. 2005); United States v. Beatty, 103 Fed. App. 785 (4th Cir. 2004) (Blakely); In Re Elwood, No. 05-30269, 2005 WL 976998 (5th Cir. Apr. 28, 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005) (Booker); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) (Booker); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (Blakely); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (Booker); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) (Blakely). In addition, it is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b) for filing a second or successive § 2255 action by purporting to invoke some other procedure. United States v. Lambros, 404 F. 3d 1034, ___, No. 04-1559, 2005 WL 840119, at *2 (8th Cir. Apr. 13, 2005); see Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (if Rule 60(b) motion is actually successive habeas petition, the certificate of appealability requirement applies).

For the same reasons, and to the extent that the 28 U.S.C. § 2253(c) certificate of appealability requirement applies to this appeal, I find that a certificate of appealability shall not issue because Defendant has not made a substantial showing of the denial of a constitutional right. Id. ("A certificate of appealability is required

2

to appeal denial of any motion that effectively or ultimately seeks habeas corpus or § 2255 relief. . . . [When] Rule 60(b) . . . and Rule 59(e) motion[s] were, in reality, efforts to file successive motions for postconviction relief, . . [there was no] substantial showing of any error, much less constitutional error.").

Accordingly,

IT IS ORDERED:

1.      The appeal in this case is not taken in good faith and Defendant may not proceed in forma pauperis on appeal;

2.      Pursuant to Fed. R. App. P. 24(a)(4), the Clerk of Court shall send a copy of this memorandum and order to the parties and the Court of Appeals for the Eighth Circuit as notice that this court has certified that the appeal is not taken in good faith and found that Defendant may not proceed in forma pauperis on appeal.

DATED:  June 10, 2005.                BY THE COURT:

                                                    s/Richard G. Kopf
                                                    United States District Judge